FREEDMAN, P. J. In this action the respondent concedes that the court below did not render a judgment within the 14 days required by the statute, and that the judgment is a nullity. In such a case the court below loses jurisdiction, and, where an inferior court has rendered a judgment without jurisdiction, the appellate court may so far act as to reverse the judgment for want of jurisdiction. MacMahon v. Rauhr, 47 N. Y. 67; Lambert v. Salomon, 28 Misc. Rep. 562, 59 N. Y. Supp. 676. The respondent urges, however, that, inasmuch as he at several times has by written stipulation offered to allow the judgment in the court below to be reversed without costs, this court should reverse the judgment, and grant a new trial, without costs. This we are without power to do. This court cannot confer jurisdiction over either of the parties or the subject-matter after the same has been lost by the trial court. In such a case an absolute reversal of the judgment must be granted, and in cases of an absolute reversal the prevailing party is entitled to costs. Section 345, Municipal Court Act (Laws 1902, p. 1590, c. 580); Harding v. Ellston, 19 Civ. Proc. R. 252, 13 N. Y. Supp. 549; Wood v. Brown, 6 Daly, 428. Had the respondent herein availed himself of the provisions of section 325 of the Municipal Court act (Laws 1902, p. 1583, c. 580), only the sum of $5 could have been taxed upon reversal.

Judgment reversed, with costs. All concur.

---

### UNION BANK OF BROOKLYN v. CASE.

(Supreme Court, Appellate Term. November 6, 1903.)

1. EVIDENCE—OBJECTION—WAIVER.
    Though evidence of an agreement relieving defendant from liability might have been objected to as varying a written instrument, it having been admitted without objection, is in the record for all purposes.

Appeal from City Court of New York.

Action by the Union Bank of Brooklyn against David K. Case individually and as trustee. From a judgment for plaintiff, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

R. P. Orr, for appellant.
David K. Case, for respondent.

BLANCHARD, J. This is an action upon a note which reads as follows:

"$700.                    New York, November 28, 1902.

"Four months after date I promise to pay to the order of myself seven hundred dollars at Union Bank of Brooklyn, New York.

"Value received.                    Charles R. Porterfield."

Indorsed: "Charles R. Porterfield, Mary Augusta Nott, and Charles R. Porterfield, David K. Case, as Trustee."

The plaintiff introduced the note in evidence and rested. The defendant, Case, took the stand in his own behalf, and testified without objection to an agreement between the Kings County Bank, plaintiff's

predecessor, and himself, the effect of which agreement was to relieve the defendant, Case, from any individual liability, and likewise from liability as trustee, except under certain conditions.

We fail to find any error in the submission of the case to the jury. It may be that, had the evidence introduced been objected to as tending to relieve the defendant, Case, as trustee, from liability in contravention of the terms of the note itself, it might have been error to have admitted it for all purposes, but that contingency is not here presented. The evidence is in the record for all purposes, and as the record stands we fail to find any error.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

## UNION BANK OF BROOKLYN v. CASE (three cases).

(Supreme Court, Appellate Term. November 6, 1903.)

1. COSTS—SEVERAL DEFENDANTS.

    Under Code Civ. Proc. § 3229, providing that in an action against more than one defendant, plaintiff being entitled to costs against one, none of defendants are entitled to costs of course, where plaintiff is entitled to costs of course against one defendant, another defendant, who has judgment, though granted an extra allowance, is not entitled to costs, he not having specifically asked therefor or had them allowed.

Appeal from City Court of New York, Special Term.

Three actions by the Union Bank of Brooklyn against David K. Case individually and as trustee. From an order in each action affirming a taxation of costs, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

R. P. Orr, for appellant.

D. K. Case, for respondent.

BLANCHARD, J. These actions were brought upon promissory notes against the maker and indorsers. The maker did not defend. The indorser successfully defended, and obtained a verdict of the jury in his favor.

In action No. 1 it was stipulated that the other actions should abide the event of that trial. At the time the verdict was rendered, the defendant moved for an additional allowance, which was granted, and upon the stipulation a verdict was directed in favor of the defendant in the other two actions. The successful defendant did not ask specifically for costs. On the taxation of costs by the clerk the plaintiff contended that the defendant was not entitled to costs, because the court at trial term had not specifically awarded them. The clerk overruled that contention, and taxed the costs. In our opinion, this was error. The right of a party to costs is dependent upon statute. Subdivision 4 of section 3228 of the Code of Civil Procedure provides that the plaintiff is entitled to costs as of course upon the rendering of a final judgment in his favor in an action in which the complaint demands judgment for a sum of money only, provided he